UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 10-50015-01 |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER ON DEFENDANT'S |
| vs. | ) | MOTION FOR CLARIFICATION |
| | ) | OF PRETRIAL RELEASE |
| RON JONES, a/k/a | ) | ORDER  & ALTERNATIVE |
| RONALD JOSEPH JONES, | ) | MOTION FOR MODIFICATION |
| ARNOLD CLARK, and | ) | OF PRETRIAL RELEASE |
| MARY CLARK, | ) | [DOCKET 96] |
| | ) | |
| Defendants. | ) | |
| | ) | |

**INTRODUCTION**

Defendant Ron Jones moves this court for an order clarifying its previously issued order setting the conditions of Mr. Jones' pretrial release. [Docket No. 96]. Specifically, Mr. Jones seeks the court's ruling on whether condition number six[1] of that release order permits him to personally contact witnesses not named on the government's "no contact list," whom Mr. Jones deems may provide exculpatory testimony at trial. In the event the court finds that condition six prohibits Mr. Jones from contacting exculpatory witnesses,

---

[1]Condition Six provides that "[t]he defendant shall not make any contact with any person who may be a witness, co-defendant, or victim in this case, or in any related case." Docket No. 36.

he moves the court for its order modifying the conditions of his release to explicitly provide that he may personally contact witnesses not on the government's "no contact" list, whom he deems will provide exculpatory testimony.

The government resists Mr. Jones' motion, asserting that a defendant's contact with witnesses, whether exculpatory or not, is specifically barred by condition six of the court's order, and that condition six is specifically authorized by 18 U.S.C. § 3142(c)(1)(B)(v).  <u>See</u> Docket No. 99.  The government further asserts that unrestricted contact between Mr. Jones and exculpatory witnesses may result in fraudulent or subtly threatening activity on the part of Mr. Jones.  The government also resists the motion because it believes that Mr. Jones' concerns about pretrial release condition number six having a "chilling effect" on his relationship with exculpatory witnesses, and his being subject to a "spectre of guilt" are irrelevant to considerations regarding conditions of pretrial release.  Finally, the government states that the reasons proffered by Mr. Jones urging modification of the terms of pretrial release are insufficient to circumvent the court's longstanding policy of requiring defendants on pretrial release status to agree to have no contact with witnesses.

**DISCUSSION**

Mr. Jones argues that his constitutional rights under either the due process clause of the Fourteenth Amendment or the compulsory process or confrontation clauses of the Sixth Amendment necessitate that he be permitted

to *personally* contact witnesses whom he deems to be exculpatory in nature. Mr. Jones correctly asserts that, under either amendment, "the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" Crane v. Kentucky, 476 U.S. 683, 690 (1986) (quoting California v. Trombetta, 467 U.S. 479, 485 (1984)).

**A.     The Due Process and Compulsory Process Clauses**

The due process clause affords defendants the "right to offer the testimony of witnesses, and to compel their attendance." United States v. Cannon, 475 F.3d 1013, 1022 (8th Cir. 2007) (quoting Washington v. Texas, 388 U.S. 14, 19 (1967)). By its terms, the Sixth Amendment compulsory process clause confers the right to compel witnesses to appear through use of subpoena power, but the clause has consistently been given broader interpretation to include the right to present witness testimony from the courtroom. Anderson v. Groose, 106 F.3d 242, 246 (8th Cir. 1997) (quoting Taylor v. Illinois, 484 U.S. 400, 407-09 (1988)). The Supreme Court has said, "Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense." Washington, 388 U.S. at 19.

Mr. Jones presents no argument as to how his rights to due process or compulsory process are infringed by the necessity that counsel or his investigator be required to contact witnesses, rather than by Mr. Jones himself.

3

Mr. Jones' right to offer testimony and to compel the attendance of exculpatory and other witnesses is not affected by the requirement that he have no unmonitored pretrial contact with witnesses.  Although he may not personally contact witnesses, including those witnesses he deems to be exculpatory, he completely retains the rights to have counsel investigate and prepare his case, to compel the attendance of witnesses at trial, and to have those witnesses testify at trial.  This is what is required under the due process and compulsory process clauses.  See U.S. CONST. amend. V; U.S. CONST. amend. VI.

Although Mr. Jones does not specifically raise the argument that his Sixth Amendment right to effective assistance of counsel requires that he be permitted to personally contact favorable witnesses, the court nonetheless points out that the right to effective assistance does not afford a criminal defendant the right to investigate his case and prepare a defense, at least to the extent the defendant wishes to personally contact favorable witnesses while on pretrial release.  Instead, the Supreme Court has construed a defendant's Sixth Amendment right to effective assistance of counsel to mean that a defendant has the right "to consult with an attorney and to have *him* investigate the case and prepare a defense for trial." Kansas v. Ventris, 129 S. Ct. 1841, 1845 (2009) (quoting Michigan v. Harvey, 494 U.S. 344, 348 (1990) (emphasis added)).  Neither the Sixth Amendment right to counsel nor the compulsory

process clause confer upon a defendant the right to have unrestricted pretrial contact with witnesses.

**B.     The Confrontation Clause**

Mr. Jones suggests that his Sixth Amendment right to confront witnesses may provide the necessary support to persuade the court to modify the terms of his pretrial release. However, the Supreme Court has interpreted the Sixth Amendment's confrontation clause to be the "literal right to 'confront' the witness at the time of trial." United States v. Iron Moccasin, 878 F.2d 226, 230 (8th Cir. 1989) (quoting California v. Green, 399 U.S. 149, 157 (1970)); see also Coy v. Iowa, 487 U.S. 1012, 1016-17 (1988). The Court has explained that under the Confrontation Clause, a defendant is afforded two protections: "the right physically to face those who testify against him, and the right to conduct cross-examination." Coy, 487 U.S. at 1017 (quoting Pennsylvania v. Ritchie, 480 U.S. 39, 51 (1987)). The Court has never construed the confrontation clause to provide a defendant with the constitutional right to personally contact or "confront" witnesses, whether exculpatory or inculpatory, prior to trial.

**C.     Conditions of Pretrial Release**

Under the Bail Reform Act, when fashioning conditions of release, the court is to consider those conditions which can reasonably assure the appearance of the defendant at future proceedings as well as the safety of any other person and the community. See 18 U.S.C. § 3142(e). The court has broad discretion in determining which condition or combination of conditions

are necessary to ensure the defendant's appearance and protect the public. The government cites 18 U.S.C. § 3142(c)(1)(B)(v) in support of its position that Mr. Jones should be permitted no unsupervised pretrial contact with witnesses. Docket No. 96, at 1. Section 3142(c)(1)(B)(v) provides that

> If the judicial officer determines that the release described in subsection (b) of this section [a release on personal recognizance or an unsecured appearance bond] will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person . . . subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community, which may include the condition that the person . . . avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense.

18 U.S.C. § 3142(c)(1)(B)(v).

The concept of public safety is given a broader construction than mere physical violence, and includes the dangers that the defendant might engage in criminal activity to the community's detriment and that the community may suffer only pecuniary harm as a result of the defendant's release. See United States v. Trammel, 922 F. Supp. 527 (N.D. Okla. 1995); United States v. Williams, 565 F. Supp. 350 (N.D. Ill. 1983); and United States v. Miranda, 442 F. Supp. 786 (S.D. Fla. 1977).

The allegations contained in the indictment refer to contact had by Mr. Jones with various apparently unsuspecting members of the community, which contact resulted in financial harm to those persons. If true, the

6

allegations levied against Mr. Jones indicate the potential that unrestricted, unmonitored contact with witnesses, even those whom Mr. Jones considers to be favorable to him, may result in additional pecuniary harm or subversion of the judicial process.  Therefore, this court finds that, under the present circumstances, a condition restricting contact with exculpatory witnesses to contact between those witnesses and defense counsel or counsel's investigator is reasonably necessary to protect the safety of the public.

## **CONCLUSION**

Because Mr. Jones has not demonstrated that his rights to due process, compulsory process, or confrontation are affected by the court's restriction that only counsel or counsel's investigator be permitted to contact exculpatory witnesses, Mr. Jones' motion to clarify or alternatively to modify the pretrial conditions of release [Docket No. 96] is denied.

Additionally, because the court finds that a condition restricting Mr. Jones' contact with witnesses is reasonably necessary to protect the pecuniary interests of the public, the court declines to modify the conditions of Mr. Jones' pretrial release to authorize him to personally contact exculpatory witnesses.  Defense counsel and counsel's investigator may have unrestricted contact with witnesses whom Mr. Jones deems will provide exculpatory testimony.

**NOTICE TO PARTIES**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. <u>See</u> Fed. R. Crim. P. 58(g)(2). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require review by the district court.

Dated October 13, 2010.

BY THE COURT:

/s/ *Veronica L. Duffy*

VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE